**In re Anonymous No. 43 D.B. 93**

Disciplinary Board Docket no. 43 D.B. 93.

LEONARD, *Member,* July 15, 1994—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

After complaint was filed by [A], the investigation and review process led to a determination that [respondent] receive an informal admonition from disciplinary counsel.

Although provided with the opportunity to request formal proceedings, respondent did not do so.

The informal admonition was first scheduled for July 14, 1992 at the District [ ] office of the Office of Disciplinary Counsel, petitioner. Notice was provided to respondent, but he did not appear.

The informal admonition was rescheduled for September 9, 1992, again at the District [ ] office. The respondent was notified of the new date, but again failed to appear.

Petitioner then filed the petition for discipline on May 5, 1993, which is the subject of this report.

On August 3, 1993, the matter was referred to Hearing Committee [ ] consisting of [ ], Esquire, Chairman and members [ ], Esquire, and [ ], Esquire.

A hearing was scheduled for September 27, 1993, and notice was sent to respondent by letter on August 19, 1993. The hearing was held and respondent once again failed to appear.

The Hearing Committee filed its report on January 19, 1994 and recommended a 13 month suspension. Neither party filed exceptions.

The matter was adjudicated at the March 10, 1994 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is now located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207, Pa.R.D.E. with the power to investigate all matters involving alleged misconduct of an attorney admitted to practice law in Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the aforesaid rules.

(2) Respondent was admitted to practice law in the Commonwealth of Pennsylvania in 1984. His residence and registration address is [    ].

*Charge I: The [A] Matter*

(3) In or about February 1990, respondent agreed to represent [A], complainant in this matter, by preparing and filing papers to incorporate a business entity. (N.T. pp. 8-9.)

(4) Respondent orally fixed the amount of his fee and costs in the representation at $400. (N.T. p. 9.)

(5) Complainant paid respondent $200 by check dated March 18, 1990. (N.T. p. 11, Exh. P-1.)

(6) Respondent never initiated any contact with complainant once the representation was agreed upon. (N.T. p. 10.)

(7) Complainant attempted several times to get information about the incorporation. (N.T. pp. 9-10.) Respondent was very hard to find. (N.T. pp. 9, 10.)

(8) Respondent led complainant to believe that the papers had been filed, and that the delay in receiving notification was due to the Commonwealth. (N.T. pp. 9, 10.)

(9) When complainant contacted respondent on or about May 2, 1990, respondent suggested that the documents would only be forthcoming if complainant paid the remainder of the fee. (N.T. p. 11.) Complainant paid $200, the remainder of the fee, by [B] check negotiated May 2, 1990. (Exh. P-2.)

(10) Respondent did provide complainant with two photocopies of documents purportedly filed with the Department of State Corporation Bureau. (N.T. p. 12, Exhs. P-3, P-4.)

(11) The delay prompted complainant to take the following steps:

(a) Complainant contacted respondent's uncle (who worked in the same building as complainant) to get information (N.T. p. 10);

(b) Complainant asked an attorney with whom he was dealing on another matter to write a letter to respondent for information (N.T. p. 14), which the attorney did by letter dated October 16, 1990 (Exh. P-5);

(c) Complainant wrote a letter to respondent dated November 26, 1990 asking respondent to perform the agreed representation (N.T. p. 15, Exh. P-6);

(d) Complainant wrote and telephoned the Corporation Bureau of the Department of State in order to determine where the process was (N.T. p. 16, Exh. P-7), the Corporation Bureau informed complainant that there was no record of filing (N.T. p. 17, Exh. P-8);

(e) Complainant hired another attorney to perform the incorporation (N.T. p. 17), which the attorney did. (N.T. pp. 17-19, Exhs. P-9, P-10.)

(12) Complainant filed suit with a district justice for recovery of the fee paid to respondent. Respondent did not appear despite being served, and a default judgment was entered in complainant's favor. (N.T. p. 19, Exh. P-15.)

## *The Failure To Appear for Informal Admonition*

(13) The behavior in paragraphs 3-12 above led to a complaint and then an investigation and review. The review process produced a decision to administer an informal admonition to respondent. (Exh. P-20.)

(14) During the investigation senior staff investigator [C] made the following attempts to contact respondent: on July 8, 1991, [C] telephoned a work number for respondent at [D] Insurance Co., where they had no knowledge of respondent; on July 9, 1991, [C] left a message on an answering machine at the telephone number listed for respondent as a home number; in July 1991, [C] talked with the personnel managers at two work places formerly employing respondent, one as a staff attorney, both em-

ployers stating that respondent left their employ approximately a year and a half before; on July 10, 1991 [C] visited respondent's address and attempted to personally serve respondent with papers relating to the investigation, no one answered the door, and there were no sounds of occupancy. (Exh. P-19.)

(15) After the informal admonition was first scheduled for July 14, 1992, the following attempts were made to contact respondent:

(a) On or about May 19, 1992 a formal notice of the informal admonition was sent to respondent's home address of record by both regular mail and certified mail with return receipt requested (Exh. P-B, P-20), and the certified copy was returned unclaimed (Exh. P-21);

(b) On or about June 23, 1992, staff investigator [E] sent respondent a letter by first class mail asking respondent to contact him, the letter was not returned (Exh. P-22);

(c) On June 17, 1992 staff investigator [E] visited respondent's home address of record, where a neighbor told him that she had seen respondent two days before, but [E] found no one at the address and the investigator's business card was taped to respondent's door (Exh. P-22);

(d) On June 19, 1992 [E] again visited respondent's residence and found no one home, from 8 a.m. to 11 a.m. (Exh. P-22);

(e) On July 1, 1992 [E] visited respondent's residence once more from 11 a.m. to 1 p.m. and found no one there (Exh. P-22);

(f) On July 13, 1992 [E] went to respondent's residence at 11:40 a.m. and taped a notice of the informal admonition to respondent's door; while doing so, [E] observed a cat inside the residence, suggesting occupancy (Exh. P-22);

(g) From June 17, 1992 to approximately July 1, 1992, [E] made numerous attempts to contact respondent by telephone (Exh. P-22);

(h) On July 10, 1992, [E] left a final message on the answering machine at the number listed for respondent's residence, reminding respondent of the informal admonition scheduled for July 14. (Exh. P-22.)

(16) Respondent did not appear on July 14, 1992 for the scheduled informal admonition. (N.T. p. 34.)

(17) Following the respondent's failure to attend the July 14, 1992 informal admonition, the following attempts were made to reach respondent:

(a) [F] Counsel-in-Charge, District [    ], Office of Disciplinary Counsel, called respondent at the telephone number listed for respondent's residence on July 14, 1992 at approximately 3 p.m., and left a message for respondent to call (Exh. P-23);

(b) On July 17, 1992 [F] made two attempts to reach respondent at the home telephone listing, one call at 9:14 a.m. and the second at 4:30 p.m., leaving a message on both attempts (Exh. P-23);

(c) On July 17, petitioner sent a letter by both regular first-class mail and certified, return receipt requested mail, memorializing the attempts to that date to reach respondent

and giving respondent notice of his rights (Exh. P-B, P-24); the first-class letter was not returned to petitioner. (Exh. P-25.)

(18) The informal admonition was rescheduled for September 9, 1992, and respondent received notice of it through the following means:

(a) On August 24, 1992, a notice was sent by both regular first-class mail and certified mail, return receipt requested. (Exhs. P-B, P-25.)

(b) On September 2, 1992 [F] made a phone call to the residence number, reminding respondent of the informal admonition and noting the letters sent. (see (a) above) (Exh. P-23.)

(19) Respondent did not appear for the informal admonition rescheduled for September 9, 1992. (N.T. p. 34.)

(20) Following respondent's failure to appear for the rescheduled informal admonition, the following attempts were made to contact respondent:

(a) Counsel-in-Charge [F] made two attempts to reach respondent by telephone, the first on September 15, 1992 at 2:25 p.m. and the second on September 16, 1992 at 11:40 a.m. (Exh. P-27);

(b) On September 17, 1992 petitioner sent a letter to respondent, which listed the attempts made to that date to contact respondent and giving the respondent information on the consequences of his nonappearance. This letter was also sent by both regular first-class mail and certified mail with return receipt requested (Exh. P-B);

(c) On Saturday, September 19, 1992 Investigator [E] made another visit to respondent's residence, and taped

a copy óf the letter sent on September 17 to respondent's door. (Exh. P-28.)

(21) After the petition for discipline was filed, Investigator [E] made the following attempts to reach respondent:

(a) called respondent's uncle, [G], for information on contacting respondent;

(b) visited [    ] Post Office and determined that respondent had not filed a change of address form there, and was still accepting first class mail at his residence address;

(c) interviewed by telephone on June 17, 1993 the postal worker who delivers mail to the residence address, and determined that respondent has continued his practice of allowing his mail to fill his mailbox, and then going to the post office to pick up the rest at  irregular intervals, but never accepting certified mail;

(d) contacted respondent's former employer [H] on June 17, 1993;

(e) visited respondent's residence address on Saturday, June 19, 1993 at several times throughout the afternoon, with no answer to his knocking and ringing the bell, but noted that the central air conditioner unit for the residence was running;

(f) telephoned on June 21, 1993 an area attorney involved with the original incorporation matter;

(g) telephoned respondent's father in [    ] on June 22, 1993;

(h) attempted to contact on June 23, 1993  respondent's mother in [    ]. (all of above, Exh. P-29.)

## III. CONCLUSIONS OF LAW

### Charge I

The board finds that the respondent violated the following disciplinary rules:

(1) Pa.R.P.C. 1.1 by failing to provide competent representation to complainant;

(2) Pa.R.P.C. 1.3 by failing to act with reasonable diligence and promptness in representing complainant;

(3) Pa.R.P.C. 1.4(a) by failing to keep complainant informed about the status of the incorporation, and by failing to promptly comply with complainant's reasonable requests for information;

(4) Pa.R.P.C. 1.4(b) by failing to explain the incorporation process to the extent necessary to permit complainant to make informed decisions regarding the representation;

(5) Pa.R.P.C. 1.5(b) by failing to communicate the basis or rate of the fee in writing before or within a reasonable time after commencing the representation;

(6) Pa.R.P.C. 8.4(c) by committing professional misconduct through misrepresenting to complainant the status of the representation.

### Charge II

The board finds that respondent violated the following disciplinary rules:

(1) Pa.R.D.E. 203(b)(2) by willfully failing to appear before Disciplinary Counsel for informal admonition;

(2) Disciplinary Board Rule 85.7(b)(2) by willfully failing to appear before Disciplinary Counsel for informal admonition.

## IV. DISCUSSION

While there are two charges in this case, the second is the more serious, and is the underlying reason for the sanction the board recommends.

The facts leading to the first charge have not been disputed by respondent, who has not participated at all in any of the proceedings, nor responded to any attempts to communicate, as will be discussed below. In or around February of 1990, [A] discussed with respondent the possibility of complainant's retaining respondent to prepare and file incorporation documents for a business of complainant's, to be called [I]. (N.T. p. 8.) Complainant agreed to a total fee of $400 for the services. (N.T. p. 9.) It is undisputed that respondent took no action at all beyond demanding two payments of $200 each, which complainant paid, and delivering two photocopies of allegedly filed documents. (N.T. pp. 9, 11-12.) It is undisputed that respondent did not file the documents, or any others, with the Pennsylvania Department of State, Corporation Bureau, as required to incorporate under the laws of Pennsylvania. (N.T. p. 16, Exh. P-7.)

Respondent also repeatedly failed to keep complainant informed of the status of the matter. (N.T. pp. 10, 13.) Respondent further departed from his duty as an attorney by falsely stating that he had filed the documents and by falsely stating that the delay in complainant's receiving notice of incorporation was the fault of the Department of State. (N.T. pp. 9-13.)

Even more troubling is the respondent's demonstrated attitude toward the disciplinary system. Respondent failed to appear for either scheduled date of the informal admonition. (N.T. p. 34.) He never responded in any

way to the efforts over a two-year period by two staff investigators and Disciplinary Counsel. See Exhs. P-B, P-19 through P-29. He refused to claim any certified mail sent by petitioner. See Exhs. P-21, P-27, P-29. Wilfull failure to appear for administration of private discipline is grounds, for additional discipline. *In re Anonymous No. 117 D.B. 89,* 14 D.&C.4th 128, 133-134 (1991); Pa.R.D.E. 203(b)(2) and section 87.53(b) of the Disciplinary Board Rules and Procedures. But respondent's conduct goes beyond this. His complete lack of response to the many attempts to contact him, without any showing of necessity or mitigation on his part, suggests that more than private discipline is necessary. *In re Anonymous No. 1 D.B. 76,* 4 D.&C.3d 792, 795-796 (1977).

The Disciplinary Board has held that a flagrant and contemptuous disregard for the disciplinary system, combined with the neglect of client matters and a subsequent financial loss to the client, as in this case, is a basis for suspension. *In re Anonymous No. 42 D.B. 80,* 20 D.&C.3d 341 (1981). Indeed, even disbarment may be appropriate where the attorney shows a propensity to accept a fee and then do nothing in furtherance of a client's interests. *In re Anonymous No. 51 D.B. 80,* 19 D.&C.3d 769 (1981).

The respondent's neglect and misrepresentation of complainant's matter, after acceptance of the full fee, coupled with respondent's total failure to participate in the disciplinary process shows a lack of responsibility on respondent's part with regard to his professional responsibilities. The purpose of the disciplinary system is to protect the public and the legal system from attorneys who are unfit to practice. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 579, 506 A.2d 872, 875 (1986). The record before the board suggests that

respondent's fitness to practice is in doubt, and therefore respondent should be suspended.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [    ] receive a 13- month suspension from the practice of law.

It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Mr. Saltz dissents.

Mr. Paris did not participate in the adjudication of this matter.

## ORDER

And now, August 23, 1994 upon consideration of the report and recommendations of the Disciplinary Board dated July 15, 1994, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of 13 months, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disiplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Frank J. Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket no. 94 R1801, due to the unavailability of Mr. Justice Rolf Larsen, see no. 127 Judicial Administration Docket no. 1, filed October 28, 1993.